UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME IRELAND, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED PARCEL SERVICE, <br><br> Defendant. | Case No. 1:21-cv-01801-DAD-SKO <br><br> **FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*** <br><br> (Doc. 2) <br><br> 21-DAY DEADLINE |

On December 22, 2021, Plaintiff Jerome Ireland, Jr., proceeding *pro se*, filed a complaint, along with an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (Docs. 1, 2.) On January 3, 2022, the undersigned issued an order to show cause why Plaintiff's IFP application should not be denied (the "OSC"), as Plaintiff indicated in his application that his "seasonal" gross pay/wages and take-home pay/wages are both $8,000,000,000 (Doc. 2 at 1.). (Doc. 3.) On January 6, 2022, Plaintiff filed a response to the OSC and submitted an amended IFP application. (Doc. 4.)

As indicated in the OSC, "[p]roceeding *in forma pauperis* "is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). An indigent party may be granted permission to proceed *in forma pauperis* upon submitting an affidavit showing his or her inability to pay the required fees. 28 USC § 1915(a) ("Section 1915(a)"). The determination of whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion.

*California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (reversed on other grounds).

Plaintiff's response to the OSC is verbose, confusing, and rambling, and it is difficult to discern Plaintiff's explanation for why his IFP application should not be denied. Furthermore, upon review of Plaintiff's amended IFP application, the undersigned finds that Plaintiff has adequate funds to pay the $402 filing fee in this action. Plaintiff's application indicates that his seasonal gross pay/wages are $16,000,000,000.00 and his take-home pay/wages are $8,000,000,000.00. (*See* Doc. 4.) Plaintiff also owns two houses worth $28,000,000.00 and $2,000,000.00, respectively, in addition to a Mercedes-Benz vehicle worth $117,950.00, a BMW vehicle worth $53,640.00, and a Bombardier jet worth $6,000,000,000.00. (*See id.*) Based on these representations, the undersigned finds that Plaintiff has not made the showing required by Section 1915(a) that he is unable to pay the required fees for this action. Accordingly, the undersigned recommends that Plaintiff's application to proceed IFP be denied.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The application to proceed *in forma pauperis* (Doc. 2) be DENIED pursuant to 28 U.S.C. § 1915(a); and

2. Plaintiff be ORDERED to pay the $402 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler,* 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **January 11, 2022**                    /s/ *Sheila K. Oberto*                    
                                         UNITED STATES MAGISTRATE JUDGE