UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME IRELAND, JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED PARCEL SERVICE,<br><br>  Defendant. | Case No. 1:21-cv-01801-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO OBEY COURT ORDERS**<br><br>(Doc. 7)<br><br>14-DAY DEADLINE |

On December 22, 2021, Plaintiff Jerome Ireland, Jr., proceeding *pro se*, filed a complaint, along with an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (Docs. 1, 2.) On January 12, 2022, the undersigned issued findings and recommendations that Plaintiff's IFP application be denied because Plaintiff failed to make the showing required by Section 1915(a) that he is unable to pay the required fees for this action, and that Plaintiff be ordered to pay the $402 initial filing fee in full to proceed with the action. (Doc. 5.)

On March 7, 2022, the presiding district judge adopted the findings and recommendations in full and denied Plaintiff's IFP application. (Doc. 7.) Plaintiff was ordered, within fourteen days following service of the Court's order, to "pay the $402.00 filing fee in full in order to proceed with this action or face dismissal without prejudice to refiling upon payment of the filing fee." (*Id.*) Plaintiff was further cautioned that "[f]ailure to pay the required filing fee in full within the

specified time will result in the dismissal of this case." (*Id.*)  To date, the filing fee has not been paid.[1] (*See* Docket.)

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110.  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions, including, where appropriate . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules); *Lopez v. Chase Home Fin.*, No. CVF09-0449 LJOGSA, 2009 WL 1098760, at *1 (E.D. Cal. Apr. 20, 2009) (dismissal of certain defendants for failure to comply with court).

In determining whether to dismiss an action for failure to obey a court order or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423–24; *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992); *Thompson*, 782 F.2d at 831. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

---

[1] On March 22, 2022, Plaintiff filed a six-page document titled "Closing Arguments Asking Premission [sic] to Approach the Bench 'Pleading Papers' Meaning What Does UPS Plead Guilty or Not Guilty Verdict . . . ." (Doc. 8.) As with some of Plaintiff's previous filings with the Court (*see* Docs. 4, 6), Plaintiff's statements in this document are rambling and confusing, making it difficult for the Court to determine what Plaintiff is intending to convey.

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as the case cannot move forward without Plaintiff's compliance with the Court's order directing him to pay the filing fee. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that the failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424. The March 7, 2022 order warned Plaintiff that "[f]ailure to pay the required filing fee in full within the specified time will result in the dismissal of this case." (Doc. 7.) Thus, Plaintiff had adequate warning that sanctions, up to and including dismissal of the case, would result from his noncompliance with the Court's March 7, 2022 order.

For the reasons set forth above, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE based on Plaintiff's failure to obey the Court's March 7, 2022, order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may

//
//
//

waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 31, 2022**                          /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE